## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------

| | | |
|---|---|---|
| CRYSTAL MORRIS<br>6312 North Radcliffe Street<br>Bristol, PA 19007 | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: _____ |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| MUTUAL INDUSTRIES NORTH, INC.<br>*d/b/a* BILT-RITE ORTHOPEDICS & SAFETY<br>707 West Grange Street<br>Philadelphia, PA 19120 | : | |
| | : | |
| BILT RITE ORTHOPEDICS &<br>SAFETY INC.<br>200 Anthony Circle<br>Crydon, PA 19021 | : | |
| | : | |
| INTEGRITY STAFFING SOLUTIONS, INC.<br>One Belmont Ave, Ste 616<br>Bala Cynwyd, PA 19004; AND | : | |
| | : | |
| EDMUND DUNN<br>707 West Grange Street<br>Philadelphia, PA 19120 | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------------

## <u>COMPLAINT – CIVIL ACTION</u>

Plaintiff Crystal Morris ("Plaintiff"), hereby brings this action against Defendant Mutual

Industries North, Inc. d/b/a Bilt-Rite Orthopedics & Safety ("Mutual"), Defendant Bilt-Rite

Orthopedics & Safety, Inc. ("Bilt-Rite"), Defendant Integrity Staffing Solutions, Inc.

("Integrity"), and Defendant Edmund Dunn ("Dunn") (collectively, "Defendants"), and alleges

as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this complaint contending that Defendants unlawfully failed to pay her overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq*.

2.     Plaintiff was an employee of Defendants employed in the positions of Business to Business Sales Representative and Account Sales Manager.  Plaintiff regularly worked more than forty (40) hours per week, but was not properly compensated for her work in that Plaintiff was not paid an overtime premium at 1.5 times her regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.  In this regard, Plaintiff contends that Defendants failed to accurately track and pay her for all hours worked, unlawfully misclassified her as an employee "exempt" from overtime compensation, and/or simply chose not to pay her overtime compensation in violation of the FLSA and PMWA.

3.     Accordingly, Plaintiff contends that she is owed unpaid wages and overtime compensation which were denied to her as a result of Defendants' unlawful pay practices.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

5.     This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

7.      Personal jurisdiction over Defendants exists in the Commonwealth of Pennsylvania as Defendants maintain office locations within the Commonwealth of Pennsylvania, including locations in Philadelphia and Croydon, and conduct business throughout the Commonwealth of Pennsylvania.

8.      The venue in this district is proper is pursuant to 28 U.S.C. § 1391(b), as Defendants reside in this judicial district, doing business therein, and a substantial part of the unlawful practices about which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania and in this judicial district.

## PARTIES

9.      Plaintiff Crystal Morris is a citizen of the Commonwealth of Pennsylvania and United States, and currently resides at 6312 North Radcliffe Street, Bristol, PA 19007.

10.     Upon information and belief, Defendant Mutual Industries North, Inc. d/b/a Bilt-Rite Orthopedics and Safety ("Mutual"), is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 707 West Grange Street, Philadelphia, PA 19120.

11.     Upon information and belief, Defendant Bilt-Rite Orthopedics and Safety, Inc. ("Bilt-Rite") is a corporation organized and existing under the laws of the State of Delaware, with an office address registered with the Pennsylvania Secretary of State of 3940 Nebraska Street, Levittown, PA 19056, and a principal place of business located at 200 Anthony Circle, Croydon, PA 19021.  Upon information and belief, Defendant Bilt-Rite is a fully-owned subsidiary of Defendant Mutual, which maintains operational control over the former.

12.     Upon information and belief, Defendant Integrity Staffing Solutions, Inc. ("Integrity") is a corporation organized and existing under the laws of the State of Delaware,

with a business location within the Eastern District of Pennsylvania at One Belmont Avenue, Suite 318, Bala Cynwyd, PA 19004.

13.     Upon information and belief, Defendant Edmund Dunn ("Defendant Dunn") is the President, Principal, and/or Owner of Defendants Mutual and BILT-RITE, and maintains a corporate office located at 707 West Grange Street, Philadelphia, PA 19120.  Upon information and belief, Defendant Dunn has directed employment practices and has directly or indirectly acted in the interest of Defendant Mutual and Bilt-Rite in relation to its employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, distributing weekly payroll, and supervising employees day-to-day.

14.     Upon information and belief, Defendant Dunn was an "employer" of Plaintiff for purposes of the FLSA and PMWA because he had operational control over significant aspects of Defendant Mutual's and Defendant Bilt-Rite's day-to-day functions, such as workplace conditions, personnel status changes, and compensation, during the time period giving rise to this action, and was ultimately responsible for ensuring Defendant Mutual's and Defendant Bilt-Rite's compliance with the FLSA and PMWA.

15.     Upon information and belief, Defendants Mutual, Bilt-Rite, and Integrity are a joint, single, and/or integrated employer with respect to the individuals Defendant Integrity places with Defendants Mutual and Bilt-Rite, including, but not limited to Plaintiff.  Upon information and belief, Defendants share employees and collectively assert control over said individuals for purposes of hiring, firing, discipline, assigned, directing, and setting and enforcing payroll and other administrative policies.

16.     Upon information and belief, Defendants Mutual and Bilt-Rite are a joint, single, and/or integrated employer with respect to the individuals employed at Defendant BILT-RITE' business location in Croydon, PA, where Plaintiff was employed, including, but not limited to Plaintiff.  Upon information and belief, Defendants share employees and collectively assert control over said individuals for purposes of hiring, firing, discipline, assigned, directing, and setting and enforcing payroll and other administrative policies.

17.     Defendants were covered "employers" of Plaintiff within the meaning of the FLSA.

18.     Upon information and belief, Defendants are covered employers under the FLSA in that, during the course of Plaintiff's employment, they each had an annual dollar volume of sale or business done of at least $500,000.00, and each had multiple employees (including, but not limited to Plaintiff) who handle, sell, or otherwise work on goods or material that have been moved in or produced for commerce.

19.     Plaintiff was an employee who was engaged in commerce and employed by Defendants during all times relevant hereto and, as such, were employees entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

20.     At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with Defendants.

**FACTUAL BACKGROUND**

21.     Paragraphs 1 through 20 are hereby incorporated by reference as though the same were fully set forth at length herein.

22.     On or about May 14, 2018, Plaintiff first began her employment with Defendants, when she was hired as an hourly Business to Business Sales Representative through Integrity Staffing, a temporary staffing agency.

23.     Shortly thereafter, Plaintiff was promoted to the position of Account Sales Manager, although she continued to be paid on an hourly basis.

24.     In that capacity, Plaintiff regularly worked between forty (40) and fifty (50) hours at the office per week, depending on her workload.

25.     While she was initially paid overtime compensation for the hours she worked over forty (40) in a workweek, in or around late July 2018, William Palmer ("Mr. Palmer"), Operations Manager (and, upon information and belief, co-owner of Bilt-Rite before its purchase by Mutual) informed Plaintiff that she would not longer be paid for more than eight (8) hours per day, despite the fact that she generally worked around nine (9) to ten (10) hours per day.

26.     In this regard, Mr. Palmer explained that Defendant Dunn had informed him that Plaintiff would no longer be paid for overtime.

27.     When Plaintiff later inquired with Defendant Dunn about why she would no longer be receiving overtime compensation, he replied, "I'm not paying for anything over forty (40) hours," but emphasized that Plaintiff would still be required to work as long as needed to complete her work.

28.     Defendants instructed Plaintiff that she would need to clock out of Defendants' timekeeping system once she reached eight (8) hours in a day and continue working until her work was completed.

29.     In addition to the work she performed at Defendants' office, Plaintiff also routinely worked approximately five (5) to ten (10) hours per week from home, including,

6

revising price lists, reviewing documentation, and handling phone calls, emails, and text messages regarding shipping issues, among other things.

30.     On or about January 7, 2019, Defendants Mutual and Bilt-Rite hired Plaintiff on as a direct employee in the position of Account Sales Manager.

31.     In or around June 2019, Defendants switched Plaintiff from being paid on an hourly basis to an alleged salary basis without any prior notice to Plaintiff.

32.     Notably, Plaintiff's job duties and work hours remained the same despite her supposed switch from hourly to salary basis.

33.     However, despite Plaintiff's alleged switch to a salary basis, Plaintiff was subject to improper deductions from her pay for partial-day absences.

34.     Indeed, on those occasions when Plaintiff logged fewer than forty (40) hours in a workweek due to partial-day absences, Defendants paid only the number of hours Plaintiff logged, rather than her supposed weekly salary.

35.     The pay deduction policy utilized by Defendants constitutes a "clear and particularized policy" which effectively communicated that deductions would be made in specific circumstances disallowed under the FLSA and PMWA.

36.     An employer is not entitled to claim any exemption under the FLSA or PMWA requiring the payment of compensation on a salary basis if said employer has an "actual practice" of making improper deductions from salary.

37.     As a result of Defendants' actual practice of making unlawful pay deductions under the FLSA and PMWA, Plaintiff was not compensated on a bona fide salary basis.

38.     Rather, Plaintiff was treated as a salaried employee only when doing so favored Defendants (i.e. when working in excess of forty (40) hours during a workweek) and was otherwise effectively treated as an hourly employee.

39.     Apart from the first month and a half of her employment, Plaintiff was not compensated an overtime premium at 1.5 times her regular rate for the hours worked in excess of forty (40) in a workweek.

40.     Plaintiff regularly worked approximately fifty (50) to sixty (60) hours per workweek, including the time she spent working from home for Defendants.

41.     However, Plaintiff's paychecks recorded only a maximum of forty (40) hours worked during each week, irrespective of her actual hours worked.

42.     Despite the fact that Plaintiff typically worked in excess of forty (40) hours per week, she did not receive any overtime compensation for overtime hours worked.

43.     By way of example, during the workweek of August 16, 2019, Plaintiff worked approximately sixty (60) hours, but did not receive any overtime compensation for the approximately twenty (20) hours of overtime she worked that workweek.

44.     As indicated above, May 2018 until June 2019, Plaintiff was paid on an hourly basis, and thus did not qualify for the exemptions from overtime for executive, administrative, or professional employees under the FLSA or PMWA.

45.     Moreover, as a result of Defendants' actual practice of making unlawful deductions from salary under the FLSA/PMWA, Plaintiff was not compensated on a bona fide salary basis following her alleged switch to salary in or around June 2019, nor was she compensated on a fee basis within the meaning of the FLSA/PMWA.

46.     Accordingly, Plaintiff also did not qualify for the exemptions for executive, administrative, or professional employees under the FLSA/PMWA following her purported switch to a salary basis.

47.     Plaintiff did not have the authority to hire, fire, or discipline other employees of Defendants, nor did she make recommendations with respect to employee status changes to which Defendants gave substantial weight.

48.     Accordingly, Plaintiff did not satisfy the duties requirements for the exemption for executive employees under the FLSA/PMWA.

49.     Plaintiff did not perform work directly related to Defendants' management or general business operations, nor did she exercise discretion or independent judgment regarding matters of significance to Defendants.

50.     Rather, Plaintiff's primary job responsibilities involved routine clerical tasks, handling phone calls, completing documentation, updating spreadsheets, updating customer profiles, reviewing pricing with customers based on Defendants' requirements, responding to customer requests, and conducting research into and verifying prospective customers based on specific criteria determined by Defendants.

51.     Moreover, Plaintiff's discretion except with respect to routine clerical tasks was heavily constrained by Mr. Palmer and Defendant Dunn, whose prior approval was required before Plaintiff could present proposed pricing to Defendants' customers.  Indeed, even on those occasions when Plaintiff's suggestions regarding pricing were approved by Mr. Palmer, Defendant Dunn could (and often did) overrule Plaintiff's recommendations and quote a different price.

52.     Accordingly, Plaintiff did not satisfy the duties requirements for the exemption for administrative employees under the FLSA/PMWA.

53.     Plaintiff's primary duty does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction.  In this regard, Plaintiff's job duties do not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.  Rather, Plaintiff was required to perform her job responsibilities in accordance with specific guidelines, protocols, procedures, and trainings provided by Defendants.

54.     Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

55.     Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff.

56.     Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendants and therefore entitled to overtime compensation for all hours she worked over forty (40) in a workweek.

57.     As a result of Defendants' aforesaid illegal actions, Plaintiff has suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**<u>FAILURE TO PAY OVERTIME COMPENSATION</u>**

58.     Paragraphs 1 through 57 are hereby incorporated by reference as though the same were fully set forth at length herein.

10

59.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

60.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

61.     From in or around July 2018 to June 2019, Defendants failed to pay Plaintiff overtime compensation despite knowing that she was working significantly more than forty (40) hours in a workweek.

62.     In or around June 2019, Defendants misclassified Plaintiff as "exempt" from overtime compensation under the FLSA, or otherwise simply failed to pay her overtime compensation for all hours worked over forty (40) in a workweek.

63.     Defendants Mutual, Bilt-Rite, Integrity, and Dunn knew or should have known that Plaintiff was working more than forty (40) hours per week without receiving overtime compensation.

64.     Defendants failed to pay Plaintiff overtime compensation for all hours worked over forty (40) in a workweek.

65.     Defendants failed to accurately track and maintain records of all hours worked by Plaintiff.

66.     As a result, Defendants failed to pay Plaintiff overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times her regular rate of pay.

67.     The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

11

68.     Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

69.     Defendants are liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief:

A.      Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime pay to Plaintiff for the work performed in excess of forty (40) hours per week;

B.      Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime pay to Plaintiff for the work performed in excess of forty (40) hours per week;

C.      Awarding Plaintiff's back wages and/or overtime wages in an amount consistent with the FLSA;

D.      Awarding Plaintiff liquidated damages in accordance with the FLSA;

E.      Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F.      Awarding pre- and post-judgment interest and court costs as further allowed by law; and

G.      All additional general and equitable relief Plaintiff may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT**
**43 P.S. § 333,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

70.     Paragraphs 1 through 69 are hereby incorporated by reference as though the same were fully set forth at length herein.

71.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees.  See 43 P.S. § 333.113.

72.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

73.     By its actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff for all hours worked.

74.     As a result of Defendants unlawful acts, Plaintiff has been deprived overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A.     An award to Plaintiff for the amount of unpaid overtime compensation to which she is entitled, including interest thereon, and penalties subject to proof;

B.     An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the PMWA;

C.     An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and

D.     All such relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:    /s/ Michael Groh_____
Michael Murphy, Esq.
Michael Groh, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: June 16, 2020

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.